## KELLY v KELLY

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 8, 1935

H. H. Hull, Youngstown, for plaintiff in error.

R. L. Thomas, Youngstown, and J. S. Cooper, Youngstown, for defendant in error.

## OPINION

By NICHOLS, J.

The question we have to determine in this error proceeding is whether or not the divorce and alimony statutes of Ohio clothe the Common Pleas Court with jurisdiction and power to enter the decree above quoted.

No bill of exceptions was filed with the record in this case. The matter that we can look to in the determination of the action in error is the judgment itself, together with the original papers. docket and journal entries. This court can not interfere with this judgment unless it exceeds the power granted to the trial court in such actions by the Code of this state.

Sec 11992, GC, is in the language following:

"Husband's alimony. When it appears to the court that the husband is the owner of little or no property and the wife is the owner of lands or personal estate, or both, the court may adjudge to the husband such share of her real or personal property, or both, or may decree to him such sum of money out of her estate, payable in gross or by installments, as it deems just, having due regard to all the circumstances of the parties."

It will be noted that this section of the Code does not require the husband to set forth in his pleadings the nature and extent of the property owned by him, but merely provides that "when it appears to the court that the husband is the owner of little or no property, and the wife is the owner of lands or personal estate, or both, the court may adjudge to the husband such share of her real or personal property, or both, * * * as it deems just, having due regard to all the circumstances of the parties."

Plainly, from a reading of this section, it is contemplated that the court will find **from the evidence** offered in the case whether the husband is possessed of little or no property, and will also find **from the evidence** the circumstances of the parties and make such order with relation to the real estate and personal property of the wife as to the court seems just. In the absence of a bill of exceptions we can not determine that the finding and decree of the court was not based upon the evidence adduced at the hearing, but must assume that it would appear to the court from the evidence that the husband was possessed of little or no property, and that the circumstances of the parties, as shown by the evidence, was such that the court was authorized to order the payment of alimony and division of the property as in the decree provided, and that such decree is just, in view of the circumstances in the case.

We cite the case of **Ball v Ball, 47 Oh Ap, 547.** The syllabi in this case are as follows:

"1. In divorce action, where a petition contains prayer for general relief, court may settle rights of parties respecting alimony.

2. Court which granted husband divorce because of wife's aggression could enforce order that wife convey home to husband by decree which would act as conveyance." **(Secs 11590 and 11993, GC).**

The prayer of the cross petition of Patrick Kelly in the case at bar contains a prayer for general relief, and hence the decision of the first syllabus in the case of Ball v Ball is applicable to the situation here.

We also cite the case of **William J. Julier et v Jane Julier, 62 Oh St, 90.** Syllabus three is as follows:

"In an action for divorce, properly instituted, where the petition contains a prayer for general relief, the court has jurisdiction to adjust and settle the rights of the parties with respect to the nature and amount of the alimony that shall be awarded and the condition and terms of its payment, * * *."

We further refer to the case of **Gaffney v Gaffney, 32 Oh Ap, 274,** and reading from the opinion, beginning at the bottom of page 276, we find that the same claim was made in that case as in the case at bar. We quote from the language of the opinion, as follows:

"Of course, the question is raised that the husband is not destitute, and that he is earning sufficient money to provide for himself and that, therefore, the evidence is insufficient to warrant the conveyance of the Rutland Apartment ordered by the court, but it must be observed **that there is evidence in the record** that shows the serious ill-health of the husband, a fact which the court had the right to take into consideration in order to determine how much property would be needed for the balance of the husband's probable life to meet the necessary demands of a person whose health is in a precarious condition and we do not think, when we take into consideration **the** fact that the activity, industry and judgment of the husband were the main cause of the accumulation of the property, that the award and distribution to the husband upon the ultimate separation, was such an excessive amount that it was an abuse of sound discretion."

It will be observed from the language above quoted that the court expressly found that it was the right of trial court to consider the **evidence in the record**, and from this evidence to determine whether or not the conditions provided in §11992 GC existed, and that the court might properly consider the evidence in finding the circumstances of the parties upon which to base such decree as would be just.

It is the decision of this court that the finding, judgment and decree of the Common Pleas Court should be and the same is hereby affirmed.

CARTER AND ROBERTS, JJ, concur.